

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-81,958-01 & -02

**EX PARTE SEAN WEISNER, Applicant**

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. F10-586260H & F10-58692-H IN THE CRIMINAL DISTRICT COURT NO. 1 FROM DALLAS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of family violence aggravated assault causing serious bodily injury using a deadly weapon and aggravated assault with a deadly weapon and was sentenced to seventy years' and ten years' imprisonment, respectively. The Fifth Court of Appeals affirmed both convictions in *Weisner v. State*, Nos. 05-11-00685-CR & 05-11-00686-CR (Tex.

App.–Dallas Feb. 22. 2013, pet. ref'd).

Applicant alleges that he has a history of mental health issues, including paranoid schizophrenia, psychotic moods, major depression, and auditory hallucinations. Applicant alleges that he told trial counsel of his mental history. Applicant asserts that he does not remember committing the offenses and wished to present the defense of insanity at trial. Instead, Applicant complains that trial counsel failed to timely raise the defense of insanity and the motion was dismissed by the trial court as untimely filed. *See* TEX. CODE CRIM. PROC. art. 36c.051. Applicant alleges that without his only available defense, he was forced to plead guilty.

To prevail on an affirmative defense of insanity, a defendant must establish by a preponderance of the evidence that he was insane at the time of the offense. TEX. CODE CRIM. PROC. art. 46C.153. Insane means that the defendant, at the time of the offense, and as a result of severe mental disease or defect, did not know that his conduct was wrong. TEX. PENAL CODE § 8.01.

Applicant has alleged facts that, if true, might entitle him to relief.[1] *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Lemke*, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*,

---

[1] The trial court concluded that these applications should be dismissed because Applicant's application and memorandum exceed the page limit requirements. TRAP 73.1(d). The trial court is incorrect. In both applications, Applicant filed a 15 page, handwritten, memorandum with exhibits. A non-computer generated memorandum, like Applicant's, is in compliance with the new rule, so long as the memorandum does not exceed 50 pages. Applicant's 15 page memorandum is well within compliance limits.

334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall determine whether there is a reasonable probability that, had counsel presented an insanity defense, the jury would have found Applicant not guilty by reason of insanity. The trial court shall also determine whether counsel was deficient by not timely raising insanity as a defense. The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with trial counsel's affidavit and the trial court's supplemental findings of fact, shall be returned to this Court within 120 days

of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 1, 2014
Do not publish